```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

SEAN FIGARO,                    :     CIV. NO. 21-8968 (RMB-KMW)
                                :
            Plaintiff           :
                                :
      v.                        :     **MEMORANDUM AND ORDER**
                                :
MR. PISTRO, *et al.*,           :
                                :
            Defendants          :

Plaintiff Sean Figaro, a pretrial detainee confined in the Federal Detention Center in Philadelphia, Pennsylvania ("FDC Philadelphia"), brought this civil rights action alleging excessive force and failure to intervene by several prison employees and the warden at FDC Philadelphia. For the reasons discussed below, the Court will transfer this matter to the United States District Court, Eastern District of Pennsylvania.

"The federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law." Belt v. Fed. Bureau of Prisons, 336 F. Supp. 3d 428, 433–34 (D.N.J. 2018) (quoting Boyd v. Arizona, 469 F. App'x 92, 97 (3d Cir. 2012) (citing Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010)). "[T]he exercise of personal jurisdiction over a nonresident defendant depends upon whether that defendant has established '… minimum contacts with

[New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Belt, 336 F. Supp. 3d at 434 (quoting Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (additional citation omitted)). Personal jurisdiction over a nonresident defendant arises "'when a defendant has maintained systematic and continuous contacts with the forum state.'" Id. (quoting Boyd v. Arizona, 469 F. Appx. 92, 97 (3d Cir. 2012) (quoting Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2008)). Alternatively, personal jurisdiction over a nonresident defendant exists "'when the claim arises from or relates to conduct purposely directed at the forum state.'" Id. (quoting Kehm Oil Co., 537 F.3d at 300 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984))).

There are no allegations in the complaint suggesting that any of the federal prison employees at FDC Philadelphia maintained systematic and continuous contacts with New Jersey. All of the claims in the complaint arise out of conduct that occurred solely in Pennsylvania. Therefore, this Court lacks personal jurisdiction over all defendants.

28 U.S.C. § 1406 governs cure or waiver of defects in venue in federal courts, and provides in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). "Pursuant to 28 U.S.C. § 1406(a), a district court is permitted to either dismiss or transfer a case to another court even if it does not have jurisdiction." Belt, 336 F. Supp. 3d 428 at 434–35 (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (establishing that the language of § 1406 is broad enough to authorize the transfer of cases where the plaintiff has filed in a court that does not have jurisdiction over the defendant); Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case)). This Court elects to transfer this matter to cure the want of jurisdiction.

**IT IS** therefore on this **20th day of May 2021**,

**ORDERED** that the Clerk of Court shall transfer venue of this action to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail; and it is further

3

**ORDERED** that the Clerk shall close this matter.

                                                     s/Renée Marie Bumb
                                                   **RENÉE MARIE BUMB**
                                                   **United States District Judge**