IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN FIGARO, | : | |
|    Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-2346 |
| | : | |
| MR. PISTRO, *et al*, | : | |
|    Defendants. | : | |

**MEMORANDUM**

**JONES, II, J.**                                                                                           **JUNE 22, 2021**

Sean Figaro, a pretrial detainee currently incarcerated at FDC-Philadelphia ("FDCP"), has filed a *Bivens* action[1] against employees of FDCP based on allegations that an officer slammed his face into a cell door.[2] Figaro seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Figaro leave to proceed *in forma pauperis*, dismiss the Complaint in part for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and permit his claims against two Defendants to proceed at this time.

**I.        FACTUAL ALLEGATIONS**

Figaro identified the following Defendants in the caption and body of his complaint: (1) Warden Pistro; (2) Lawrie, associated with "AW Programs"; (3) Knox, associated with "AW Operations"; (4) Captain Root; (5) Correctional Officer R. Williams; and (6) Lieutenant Shannon. (ECF No. 1 at 1 & 4.) Figaro's allegations are brief. He asserts that on January 20,

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] The case was initially filed in the United States District Court for the District of New Jersey but was subsequently transferred to this Court. (ECF No. 3.)

1

2021, while he was being escorted to the Special Housing Unit at approximately 8:00 a.m., Defendant Williams "smack[ed] [his] face into the cell door on north range." (*Id.* at 4 & 6.) Defendant Shannon allegedly watched Williams do this, screamed "pick him up off the floor," and placed Figaro in ambulatory restraints. (*Id.*) Figaro appears to be alleging that he was in handcuffs at the time his face was slammed into the door. (*Id.* at 5.) According to Figaro, Shannon "likes to see inmates hurt or use strong physical force on each [inmate]" and "claims [this] is a policy Capt. Root said use on COVID-19." (*Id.*)

It appears that a disciplinary hearing was held. (*Id.* at 6.) The Court understands Figaro to be alleging that the Hearing Officer observed camera footage that credited his version of events and that a witness also corroborated his version. (*Id.*) It also appears that Figaro received medical treatment for his injuries, including an x-ray for his face. (*Id.*) Figaro indicates that he would like the Court to be aware of the issues with violence in the Special Housing Unit, and essentially asks for relief that the Court deems appropriate. (*Id.* at 6-7.)

## II. STANDARD OF REVIEW

The Court grants Figaro leave to proceed *in forma pauperis* since he appears unable to pay the filing fee.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

[3] As Figaro is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Figaro is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Court understands Figaro to be pursuing claims for excessive force and failure to intervene based on the January 20, 2021 incident described in his Complaint.  However, although he has named six Defendants, he has failed to allege how four of them — Defendants Pistro, Lawrie, Knox, and Root — were personally involved in the constitutional violations alleged.  Accordingly, the Court will dismiss Figaro's claims against these four Defendants without prejudice.  Although it is unclear that a *Bivens* remedy is permitted in this context, the Court will not address that issue at this time but will instead permit Figaro's claims against Defendants Williams and Shannon to be served for a responsive pleading.

#### A. Claims Against Defendants Pistro, Lawrie, Knox, and Root

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Here, although Figaro named Defendants Pistro, Lawrie, and Knox in the caption of the Complaint, he does not raise any allegations against them whatsoever.  In other words, he has not explained what these Defendants did or did not do that allegedly violated his constitutional rights.  The only allegation pertaining to Defendant Root is that Defendant Shannon allegedly liked to use "strong physical force" on inmates and "claims is a policy Capt Root said use on COVID-19." (ECF No. 1 at 5.)  Even assuming the existence of a supervisory liability theory in a *Bivens* action, no such theory is pled against Defendant Root based on this allegation, which is vague and unclear and does not plausibly allege that Root was responsible for a policy that caused the claimed constitutional

3

violations or was otherwise responsible for the claimed constitutional violations. *See Argueta v. U.S. Immigr. & Customs Enf't*, 643 F.3d 60, 70 (3d Cir. 2011) (declining to address the scope of supervisory liability under *Bivens* when plaintiff failed to plead a plausible claim for supervisory liability). Since Figaro has not plausibly alleged how these four Defendants violated his constitutional rights, the Court will dismiss the claims against them.

B.     **Claims Against Defendants Williams and Shannon**

Figaro's remaining claims against Defendants Williams and Shannon are best construed as claims for excessive force and failure to intervene. Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).[4] Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200; *see also Mammana v. Barben*, No. 20-2364, 2021

---

[4] The United States Court of Appeals for the Third Circuit noted, but did not squarely address, the possibility that the Supreme Court may have also acknowledged a *Bivens* remedy in the context of a prisoner's failure to protect claim arising out of prisoner on prisoner violence. *Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *3 n.5 (3d Cir. May 21, 2021).

4

WL 2026847, at *2 (3d Cir. May 21, 2021) (stating that "while *Bivens* claims are disfavored, they do not automatically fail").

Neither the Third Circuit nor this Court have addressed whether excessive force and failure to intervene claims such as those brought by Figaro are cognizable under *Bivens* post-*Abassi*. Additionally, there appears to be disagreement among the courts as to the viability of such claims in the prison context. *Compare Reid v. United States*, 825 F. App'x 442, 444 (9th Cir. 2020) (prisoner's Eighth Amendment excessive force claims did not "present a new *Bivens* context"); *Smith v. Trujillo*, Civ. A. No. 20-877-RBJ, 2021 WL 1799400, at *5 (D. Colo. Mar. 26, 2021), *report and recommendation adopted*, 2021 WL 1608829 (D. Colo. Apr. 26, 2021) ("I find no meaningful difference between the deliberate indifference claim in *Carlson* and Mr. Smith's excessive force claim — both arising under the Eighth Amendment"); *Williams v. Baker,* 487 F. Supp. 3d 918, 921 (E.D. Cal. 2020) (finding that "that no special factors counsel against extending the [*Bivens*] remedy" to a prisoner's excessive force claims) *with Freeman v. Provost*, Civ. A. No. 19-42, 2021 WL 710376, at *3 (S.D. Miss. Jan. 27, 2021), *report and recommendation adopted*, 2021 WL 709704 (S.D. Miss. Feb. 23, 2021) ("[T]he undersigned concludes that Plaintiff's Eighth Amendment claims against Defendant Lindo for excessive force, as well as a broadly construed claim for failure to intervene against a use of excessive force, may not be brought pursuant to *Bivens*." (citing cases)); *Abdo v. Balsick*, Civ. A. No. 18-1622, 2019 WL 6726230, at *6 (D. Colo. Dec. 11, 2019) (declining to extend *Bivens* where "Plaintiff assert[ed] excessive force claims, deliberate indifference claims based on purported failures to adequately remove pepper spray from Plaintiff's face, and a failure to intervene claim arising out of one of the excessive force claims."); *Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1169-70 (E.D. Cal. 2018) (declining to extend *Bivens* to "Plaintiff's claims arising out of assault by officers and failure to intervene in such an assault"). For these reasons, the Court declines to

5

address this issue at this early stage of the case and will instead permit service of Figaro's remaining claims for a responsive pleading. *See Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 440 (D.N.J. 2018) ("Although the Court will allow Plaintiff's Eighth Amendment sexual assault, failure to protect, failure to intervene, and failure to investigate claims to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B); these Eighth Amendment claims are new *Bivens* contexts, subject to the analysis set forth in *Ziglar*. Whether 'special factors' caution against extending *Bivens* in the context of these claims is an issue that the Court elects not to decide upon screening of the complaint and without briefing by the parties upon either a motion to dismiss or for summary judgment.").

## IV. CONCLUSION

For the reasons stated, the Court will dismiss Figaro's claims against Defendants Pistro, Lawrie, Knox and Root for failure to state a claim and permit Figaro to proceed on his claims against Defendants Williams and Shannon. The Court is not prepared to conclude that Figaro could not cure the defects in his claims against the dismissed Defendants, so he will be given leave to file an amended complaint. The Court will not direct service of the Complaint as to the remaining claims at this time so that Figaro can amend his Complaint if he chooses that course of action. If he fails to file an amended complaint, or otherwise indicates his preference to proceed on his original complaint, the Court will direct service of his claims on Defendants Williams and Shannon only.[5] An appropriate Order follows containing additional instructions regarding Figaro's options for proceeding.

---

[5] The Court is aware that although Figaro is entitled to service by the United States Marshals Service, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), it is possible the Marshals Service may not be able to properly serve the Summonses and Complaint without more precise identifying information for these individuals. Therefore, if Figaro opts to proceed on these claims, the Court will consider adopting the approach taken by the Second Circuit Court of Appeals in *Davis v. Kelly*, 160 F.3d 917 (2d Cir. 1998) to facilitate service. In *Davis*, the Second Circuit recognized

6

BY THE COURT:

/s/ Hon. C. Darnell Jones II

_____
**C. DARNELL JONES, II, J.**

---

that under certain circumstances a court should not dismiss otherwise colorable § 1983 claims against supervisory personnel, who are not alleged to otherwise have personal involvement, until a *pro se* plaintiff has been afforded an opportunity, at least through limited discovery, to identify the subordinate officials who have personal liability. *Id.* at 920-21 (observing that "courts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability").