# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### U.S. COURTHOUSE
### INDEPENDENCE MALL WEST
### 601 MARKET STREET
### PHILADELPHIA, PA. 19106-1797

2/17/2023

SEAN FIGARO
70655-050
USP CANAAN
P.O. BOX 300
WAYMART, PA  18472

Enclosed please find the following forms which you have requested:

_____1_____ ✓  **42 U.S.C. § 1983** Civil Rights Complaint

_____ Pro Se General Complaint Form

_____ **28 U.S.C. § 2241** Habeas Corpus Petition

_____ **28 U.S.C. § 2254** Habeas Corpus Petition

_____ **28 U.S.C. § 2255** Motion to Vacate, Set Aside or Correct Sentence

_____ **USM-285** Process Receipt & Return
**\*Forms will be issued when Complaint is filed\***
**\*Please contact the Marshal⊠s with any questions concerning service and request for form.\***

_____ OTHER:

• **Note:** The Clerk's Office ***CANNOT*** issue more than five (5) copies of a requested form at a time.

Please contact the **Institution's Law Library** to assist in drafting Petitions.
No legal advice can be given by the Clerk's Office.

pjm/Enclosure

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |
|---|---|
| _Sean F. Gay_ | ) Case No. _21-cv-2346_ |
| _____ | ) _____ |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) *Appeal* |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
|  | ) |
|  | ) |
| _Ryan Williams, Eleanor Vernon_ | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _____ Sean Fiqart _____

All other names by which
you have been known: _____

ID Number _____ 70 65 5010 _____

Current Institution _____ USP CANAAN _____

Address _____ PO BOX 300 _____

_____ CANAAN _____ PA _____ 18472 _____
City                    State              Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name _____ Ryan Killian _____

Job or Title *(if known)* _____ Internal Revenue ... _____

Shield Number _____ N/A _____

Employer _____ Dept. of America _____

Address _____ 700 Arch Street _____

_____ Philadelphia _____ PA _____ 19106 _____
City                    State              Zip Code

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

Name _____ Warner Charles Johnson _____

Job or Title *(if known)* _____ Lt. (Warden) Officer Johnson _____

Shield Number _____ N/A _____

Employer _____ FDC _____

Address _____ 700 Arch Street _____

_____ Philadelphia _____ PA _____ 19106 _____
City                    State              Zip Code

☐ Individual capacity    ☑ Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
    Name                    _____
    Job or Title *(if known)*    _____
    Shield Number         _____
    Employer              _____
    Address               _____

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name                    _____
    Job or Title *(if known)*    _____
    Shield Number         _____
    Employer              _____
    Address               _____

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☑ Federal officials (a *Bivens* claim)

    ☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*[handwritten, partially illegible]* Assaults on inmates, mail tampering, property damage, food tampering, Stu inmates being violated, non penalcu

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

*[handwritten, partially illegible]* Inmates being violated ... violated and ... (not only) violated, receive assaults ... Assaulted officers in ...

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Violated in caviel Right to freedom in home law of PA

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☑ Convicted and sentenced federal prisoner

☐ Other *(explain)*    has a appeal on Docket pawwa district

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Springfield jail from Jan 20 2021 up until april 1st

Page 4 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C.       What date and approximate time did the events giving rise to your claim(s) occur?

_____

D.       What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?*
*Was anyone else involved?  Who else saw what happened?)*

_____

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

_____

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged. Explain the basis for these claims.

_____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_FDC - Philadelphia_

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_Assaulted, Haddiven officers, cojuctnisogul_

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

FDC - Philadelphia

2.    What did you claim in your grievance?

Sexual Assault
Assault by staff, And Sexual Grievance

3.    What was the result, if any?

to review of the complaint was left with

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Grievance Sexual coordinator Appeal (yes)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

N/A

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

All Grievances was filed

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
      Plaintiff(s)    _Sean Figaro_
      Defendant(s)    _Elizabeth Mannon_

2.    Court *(if federal court, name the district; if state court, name the county and State)*

      _U S Court over Pennsylvania_

3.    Docket or index number
      _21-cv-2346_

4.    Name of Judge assigned to your case
      _Danielle Jones / John Younge_

5.    Approximate date of filing lawsuit
      _April 2021_

6.    Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition    _Apr 2 2022_

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _I'm Appealing The Case was Dismissed to To different clerks for Judges And All Process was filed,_

Page 10 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff

Prison Identification #

Prison Address

| | | |
|---|---|---|
| City | State | Zip Code |

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | | |
|---|---|---|
| City | State | Zip Code |

Telephone Number

E-mail Address

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEAN FIGARO,
    Plaintiff,

                    v.

RYAN WILLIAMS and
ELIZABETH SHANNON,
    Defendants.

: : : : : : : : : :

No. 21-cv-2346-JMY

## ORDER

AND NOW, this 7th day of February, 2023, upon consideration of unopposed *Amended Motion to Dismiss* (ECF No. 37) filed by Defendants under Federal Rule of Civil Procedure 12(b)(1),[1] and the fact that Plaintiff failed to file an opposition thereto, it is hereby ORDERED that said Motion shall be GRANTED, and the Complaint filed by Plaintiff Sean Figaro is DISMISSED.[2]

It is further ORDERED that Plaintiff will not be permitted leave to file an amended complaint.[3]

BY THE COURT:

   /s/ John Milton Younge
   Judge John Milton Younge

---

[1] The legal standard for a motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject-matter jurisdiction. Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. A motion to dismiss based on the doctrine of mootness is properly brought under Fed. R. Civ. P. 12(b)(1), because mootness itself deprives the court of subject-matter jurisdiction. *Sincochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430-431 (2007) ("[A] federal court generally may not

Plaintiff alleges, on January 20, 2021, while he was being escorted through the SHU in the FDCP, Correctional Officer Ryan Williams "smack[ed Plaintiff's] face into the cell door." (Complaint ¶ 4(b), ECF No. 1.) This allegedly occurred in the presence of Lieutenant Elizabeth Shannon, who "screa[med] [']pick him up off the floor['] and put [Plaintiff in] ambulatory restraints." (*Id.* ¶ 4(c).) Plaintiff alleges that he received medical attention from "Nurse Holmes," who took an "x-ray [of his] sw[ollen] face[.]" (*Id.* at ¶ 6.)

Plaintiff alleges that on the date of the incident he "wrote a[n] administrative remedy to Counselor Ms. Smith," but the "[r]emedy [was] never processed." (*Id.* at ¶ 5.) However, Plaintiff also references the purported finding of a Disciplinary Hearing Officer ("DHO") on or about February 3, who purportedly "check[ed] the camera[s]" and confirmed that Plaintiff "never pulled or turn[ed] towards [the] officer," but rather that he "stop[ped] with [the] officer['s] words . . . [and] next thing he saw [Plaintiff] was on the door to the floor getting pick[ed] up [by] officers in [the SHU]." (*Id.* ¶ 6.) Assuming the veracity of the allegations in Plaintiff's Complaint in conjunction with the medical records that he submitted, Plaintiff suffered superficial injuries in the incident. (*Statement by Plaintiff*, ECF No. 7; Complaint.) X-rays taken on February 3, 2021 of Plaintiff's skull and wrists disclosed no bone fractures or objective injuries. (*Id.* page 9, 11.)

On April 12, 2021, Plaintiff filed this lawsuit while he was still being held in the SHU at the FDCP by filing his *pro se* Complaint in the District of New Jersey against the FDCP Warden and numerous correctional officers. (*Complaint.*) In conjunction with the Complaint, Plaintiff also filed an application to proceed in forma pauperis. (*Application to Proceed in Forma Pauperis*, ECF No. 1-1.) On May 20, 2021, the case was transferred to the Eastern District of Pennsylvania. (*Order*, ECF No. 3.) The Court granted Plaintiff's *Application to Proceed in Forma Pauperis* on June 22, 2021. (*Memorandum and Order*, ECF No. 10.) In granting Plaintiff in forma pauperis status, the Court interpreted Plaintiff's Complaint as asserting a claim of excessive force and failure to intervene against Defendants Williams and Shannon. (*Id.*) The Court also dismissed claims against all other named Defendants, and it provided Plaintiff with the opportunity to file an amended complaint to cure defects in claims against Defendants who were dismissed from the action. (*Id.*) When no amended complaint was forthcoming, the Court directed service of process on Defendants Williams and Shannon – the two remaining individual Defendants. (*Order*, ECF No. 13.)

Defendants filed their initial motion to dismiss on January 13, 2022. (*Motion to Dismiss*, ECF No. 26.) The matter was then transferred between judges in the Eastern District of Pennsylvania from the Honorable C. Darnell Jones, II, to the Honorable John Milton Younge on June 17, 2022. (*Order*, ECF No. 31.) By Court Order dated October 3, 2022, the Court informed the Parties of its intention to consider the question of whether Plaintiff exhausted administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), in accordance with *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013) and *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018). (*Order*, ECF No. 35.) The Court invited the Parties to submit additional evidence and briefing on the issue of exhaustion of administrative remedies. (*Id.*)

In response to the Order entered by the Court on October 3, 2022, Defendants forwarded a letter in which they requested the opportunity to submit an amended motion to dismiss. (*Letter 10/4/22*, ECF No. 36-1.) In their letter, Defendants specifically reference the fact that Plaintiff made no claim for monetary compensatory damages and sought only declaratory and equitable relief in this lawsuit. Therefore, they argued that this lawsuit presented no live case in

3

controversy – that the Court lacked subject-matter jurisdiction to hear claims – because the dispute was moot after Plaintiff was transferred from the FDCP to USP Canaan. (*Id.*)  On October 5, 2022, the Court granted Defendants' request to submit an amended motion to address the question of subject-matter jurisdiction based on the doctrine of mootness. (*Order*, ECF No. 36.)  The Court also set deadlines for Defendants to file their renewed motion to dismiss and for Plaintiff to file a responsive pleading. (*Id.* ¶ 1.)  The Court clearly informed Plaintiff that "Failure to timely file a brief in opposition (and/or an opposition to Defendants' statement of material facts – if so filed) [would] result in Defendants' motion (and statement of material facts – if so filed) being deemed unopposed." (*Id.*)

Defendants filed their amended motion to dismiss in which they challenge, *inter alia*, subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  They argue that since Plaintiff's claim is limited to declaratory and equitable relief, his lawsuit is now moot because he was transferred from the FDCP to USP Canaan. (*Motion to Dismiss* page 8-10; *Complaint* ¶ 7.)  Defendants' argument presents a factual challenge to subject-matter jurisdiction because it requires the Court examine facts that are outside of the pleadings – the fact that Plaintiff is being held at USP Canaan. (*Notice of Change of Address* filed by Plaintiff, ECF No. 33.)  However, this fact is readily ascertainable from a review of the docket and the change of address form submitted by Plaintiff. (*Id.*)  The Court may consider court records that are readily ascertainable from a review of the docket when subject-matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1). *Powell v. PNC Bank*, No. 18-3596, 2019 U.S. Dist. LEXIS 154779, at *10 n. 3 (E.D. Pa. Sept. 11, 2019) ("Because this is a factual challenge to standing, the Court can and does look to [outside records] attached to the defendants' motion to dismiss"); *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) ("courts may take judicial notice of 'matters of public record.'").

To date, Plaintiff has failed to file an opposition to Defendants' amended motion to dismiss despite the Court Order informing him of the consequences of failing to respond. Plaintiff was place on notice of Defendants' challenge to subject matter jurisdiction in both their amended motion to dismiss and the letter that they forwarded to the Court on October 4, 2022. Therefore, the Court is left to presume the veracity of the allegations and statements in Defendants' motion to dismiss.  The Court agrees with the Defendants' argument that Plaintiff seeks only declaratory and equitable relief in this lawsuit – he does not assert a claim for compensatory monetary damages.  Plaintiff alleges that he sustained superficial injuries during an incident in which he was placed in four-point ambulatory restraints while at the SHU in the FDCP; however, he is no longer being held at the FDCP.  After sentencing in District of New Jersey in early 2022, Plaintiff was transferred to permanent housing at USP Canaan.

Plaintiff is no longer subject to the prison conditions, in the SHU at FDCP, about which he complains.  Since this lawsuit no longer presents a live case in controversy, the Court lack subject-matter jurisdiction over Plaintiff's claims. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims"); *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004) (finding that prisoner's transfer to a different facility rendered moot claims in which he sought declaratory and injunctive relief from alleged conditions of confinement at prior facility); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial); *Gillette v. Prosper*, 852 F. App'x 642 (3d Cir. April 27, 2021); *Aguilar v. Garland*, No. 22-cv-482, 2023 U.S. Dist. LEXIS 3413, *4 (M.D. Pa. January 9, 2023).

4

The United States Constitution limits federal judicial power to cases in controversy. U.S. Const. Art II § 2. This "bedrock requirement," *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982), protects the system of separated powers and respect for the coequal branches by restricting the province of the judiciary to "decid[ing] on the rights of individuals." *Marbury v. Madison*, 5 U.S. 137, 170 (1803). Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)).

[3] The Court will not grant Plaintiff leave to file an amended complaint because amendment would be futile. When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).



SEAN FiGARO
#70655050
USP CANAAN
P.O. box 300
WAYMART, PA 18472

RECEIVED
MAR 17 2023

EASTERN District of Pennsylvania
Court House
2nd Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

U.S.M.S.
X-RAY

LEGAL
MAIL
2-23-23

THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS